**UNITED STATES of America,**
Appellee,

v.

**Ralph Woodrow WILSON, Appellant.**

No. 8891.

United States Court of Appeals
Fourth Circuit.

Argued March 27, 1963.

Decided July 12, 1963.

James E. Covington, Jr., Richmond, Va. (Court-assigned counsel) for appellant.

William H. Murdock, U. S. Atty. (Roy G. Hall, Jr., Asst. U. S. Atty., on brief) for appellee.

Before SOBELOFF, Chief Judge, and BRYAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Chief Judge.

This is an appeal by a federal prisoner from the denial without a hearing, by the United States District Court for the Middle District of North Carolina, of his motion, pursuant to 28 U.S.C.A. § 2255, to set aside his sentences of conviction.

Ralph Woodrow Wilson was charged in five separate indictments with substantive violations of the Internal Revenue Code relating to distilled spirits, and in two additional indictments with conspiracy to violate that code. At the arraignment where he was represented by counsel of his own choosing, he entered pleas of not guilty to each charge, but later changed his plea to guilty as to two of the substantive offenses and one of the conspiracies. After waiving trial by jury, he was tried and convicted on the four remaining charges. On April 12, 1961, he was sentenced to an aggregate prison term of six years, to be followed by a five-year period of probation.

No direct appeal was taken, but on August 24, 1961, Wilson filed pro se a motion to vacate the sentences imposed. He alleged that he had been entrapped into the commission of the offenses, that there had been no evidence to support his convictions, and that he had been subjected to double punishment. The District Court denied relief without a hearing, and leave to appeal in forma pauperis was also denied.

The present motion was initiated, again pro se, on October 29, 1962. In addition to the double punishment claim, Wilson advanced two new grounds for relief: (1) that his convictions were based on conflicting and perjured testimony and (2) that his trial counsel was incompetent and had induced him against his will to enter pleas of guilty. Once more the District Court, relying entirely upon the "records and files" of the case,

dismissed the motion without a hearing. The present appeal is from this ruling.

In perfecting his appeal Wilson paid the necessary fees both in the District Court and in this court, and he sought to obtain at his own expense a verbatim transcript of the original trial proceedings. However, as he was unable to afford a lawyer we appointed one for him.

The court-appointed lawyer diligently sought, as had the petitioner himself, to obtain from the court reporter a complete transcript of the trial proceedings. There appears to have been some delay; but whether either the reporter or the petitioner was at fault is no longer a material issue. Unfortunately the petitioner was at first furnished only a summary of the proceedings on arraignment. Assuming that what was supplied him was a complete record, the court-appointed counsel prepared his brief presenting three points. The first two related to the arraignment itself. The contention was advanced that the District Court failed to comply with Rules 10 [1] and 11,[2] Fed.R.Crim.P., since the record then in the attorney's hands did not show that the indictment had been read to the defendant or that the court had inquired into the voluntariness of the pleas of guilty. The third point briefed was that 28 U.S.C.A. § 753(b), which requires the verbatim reporting of all criminal trial proceedings, had not been complied with and it was thus impossible for the District Judge to pass on the allegations in the defendant's petition from the record before him.

Thereupon, the United States Attorney appended to his brief the verbatim transcript of the several arraignments to show that Rules 10 and 11 had actually been complied with, although the summary had omitted the details. It came to light, however, that in some respects the verbatim transcript supplied by the United States Attorney differed from the summary earlier prepared for the defendant and his counsel and which had been filed in the record of the case and relied upon by the District Judge in his opinion.

In this situation we declined to rule on the appeal until counsel for the parties could arrange with the reporter to supply a full and accurate verbatim report of the entire proceedings at all stages; only the complete record and not a summary would suffice. Since the hearing of the appeal, we have been furnished a complete record of the trial, to which no exception is taken by either side.

■ Preliminarily, we address ourselves to the Government's argument that Wilson cannot now raise the points argued on appeal because they were not raised by him before the District Court. We do not agree. We think that the matters argued before this court, relating to Rules 10 and 11, were sufficiently implied in the petition filed pro se in the District Court. Evidently the District Judge also thought so, for he specifically held that "the records and files of these cases conclusively show that the defendant freely and voluntarily, and of his own accord, with full knowledge and understanding of the accusations against him, entered pleas of guilty in three of the cases, and freely and voluntarily waived trial by jury in the remaining four cases."

■ We now reach the substantive questions raised by the appeal: Did the trial court comply with Rules 10 and 11 and should a hearing have been conducted in the District Court as to these matters on petitioner's motion pursuant to 28 U.S.C.A. § 2255? It is obvious that petitioner's claims in this court were misdirected because of his reliance on the incomplete summaries of the arraignment proceedings. The furnishing of the reporter's summaries only cannot be approved as a general practice. And if a summary is to be relied on, it should be

---

1. Rule 10 provides for the conduct of arraignment.

2. Rule 11 requires that before accepting a guilty plea the trial court must determine that the "plea is made voluntarily with understanding of the nature of the charge."

stipulated by counsel; but counsel, requesting the reporter for a transcript, should be given a complete and accurate transcript, not merely the reporter's impressions. In the argument before us there was a suggestion that only a summary was furnished to the appellant, because he could not pay for a complete transcript.

█ When only summaries were placed before us, we were inclined to reverse the District Court's determination, based thereon, that Rules 10 and 11 had been fully complied with. The summaries afforded no basis for such a determination. Ordinarily a plenary hearing would be necessary to resolve these questions. However, we now have an unchallenged transcript of all the proceedings. Upon examination of this transcript, we find no basis for relief, for we are completely satisfied that the trial judge did conscientiously comply with Rules 10 and 11. There would therefore be no purpose now in remanding for a plenary hearing.

The above disposes of Wilson's principal contentions. The other questions raised—"the use of conflicting and perjured testimony," incompetence of his trial attorney chosen by himself, and that "the two conspiracies were one"— are palpably without merit and require little discussion. It is sufficient to point out that the alleged shortcoming of the petitioner's lawyers is that they counseled him to plead guilty; but as we are persuaded from the verbatim account of the proceedings that the judge correctly concluded that the pleas were voluntarily and understandingly made, the charge against the lawyers falls of its own weight. The claim of perjured testimony is in no way supported and there is not even a suggestion that government officers made knowing use of false testimony. Equally without foundation is the double punishment claim: the offenses were manifestly independent, committed on separate dates with different co-defendants.

The order denying the motion is

Affirmed.